UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAJUN CONTI, LLC**<br>　　　　　　　　　Plaintiff, | **Civil action No.:** |
| **VERSUS** | **Judge:** |
| **STARR SURPLUS LINES INSURNACE COMPANY,**<br>　　　　　　　　　Defendants. | **Magistrate:** |

## COMPLAINT FOR DELARATORY JUDGMENT AND DAMAGES

**NOW COMES** Cajun Conti, LLC through undersigned counsel, which respectfully represents that:

### PARTIES

1. Made Plaintiff herein is Cajun Conti, LLC, (hereinafter "Plaintiff" or "Cajun Conti"), a Louisiana corporation domiciled in the Parish of Orleans, State of Louisiana at 739 Conti Street, New Orleans, Louisiana 70130.

2. Made Defendant herein is Starr Surplus Lines Insurance Company (hereinafter "Defendant" or "STARR"), based upon information and belief, an insurance company with its principal place of business in New York, authorized to transact business in the State of Louisiana and through its designated agents and representatives.

### JURISDICTION AND VENUE

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.*, and Federal Rule of Civil Procedure 57.

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §2201, as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). The amount in controversy in a declaratory judgment action is determined by the object of the litigation; here, the object of the action will determine whether the Plaintiff's losses are covered under Defendant's policy of insurance.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and the property that is the subject of the action is situated in this district.

7. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

**FACTUAL BACKGROUND**

9. Cajun Conti contracted with Star to insure two properties, the first located at 739 Conti Street, New Orleans, Louisiana and the second at 1400 East Judge Perez Dr., Chalmette, Louisiana 70043 (hereinafter "Insured Premises").

10. The property at 739 Conti Street, New Orleans, Louisiana is the location of the Oceana Grill restaurant.

11. The property at 1400 East Judge Perez Dr., Chalmette, Louisiana is the location of a warehouse facility.

12. The Insured Premises were covered under a policy of insurance issued by the Star with policy number SLSTPTY11497221 (hereinafter "Policy"). The Policy was in full effect during the period of June 30, 2021 through June 30, 2022.

13. Star assessed the risk of insuring the Cajun Conti and provided Replacement Cost Value coverage following their evaluation of the property.

14, Cajun Conti paid all premiums associated with the policy when due in a timely manner and without delay in order to maintain the insurance coverage over the property for the effective period of June 30, 2021 – June 30, 2022.

15. Cajun Conti entered into the contract of insurance with the reasonable expectation that in return for the payment of premium, Star would abide by the terms of their policy and pay for any covered losses that may occur.

16. On August 29, 2021, while the policy was in full force and effect, the Insured Premises sustained significant damages resulting from Hurricane Ida, a major category four hurricane.

17. Devastating winds, wind-driven rain, and a storm surge that lasted for several hours as the hurricane slowly passed over southeast Louisiana.

18. Hurricane Ida resulted in extensive damage to New Orleans and Southeast Louisiana, including the shredding of the power grid and thousands of structures.

19. As a result of Hurricane Ida, the Insured Premises suffered extensive damage, particularly to its structure and contents.

20.

21. In compliance with the policy, Cajun Conti began mitigating the loss as soon as possible.

21. Soon after the incident, Cajun Conti also properly and timely made a claim for insurance proceeds under the Policy with Star. In connection with said claim, Star assigned Sedgwick Claims Management Services, Inc. ("Sedgwick") to adjust and otherwise review the claim as Star's representative throughout the claims process.

22. Star assigned the incident claim number CHI21612440, through Star's representative, Sedgwick.

22. Cajun Conti is entitled to recovery of all benefits due under the Policy resulting from Hurricane Ida to the Insured Premises, including, but not limited to, the structural loss, recoverable depreciation, personal property, and business interruption.

23. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

24. Star was given full access to inspect the insured premises immediately after the storm. Star has had ample opportunity to view the extensive damage to the property.

25. Louisiana law provides claims handling timelines which are strictly construed.

26. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

27. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

28. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

29. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

30. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

32. In compliance with their duties, Cajun Conti has cooperated with Star and its consultants, making the property fully and reasonably available for the viewing of the physical loss evidence.

33. In addition to the viewing of the physical loss evidence, Cajun Conti has sent sufficient proof of loss to Star.

34. Star knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

35. Cajun Conti has had to retain undersigned counsel in an attempt to come to a claim conclusion with Star.

36. In addition to the proof of loss evidenced on inspection and other information provided, a formal and sufficient proof of loss package(s) with all the evidence of the loss was provided to Star.

37. The proof of loss submissions provided satisfactory proof of loss in so far as they contained all Cajun Conti's investigation of the claim and sufficient information providing the extent of the loss to allow the Star to make a determination on the loss, particularly the building coverage.

38. Star has failed to timely and reasonably adjust the loss.

39. Despite Star's failure to timely pay the evidenced loss, Cajun Conti has continued to reasonably work with Star to ensure compliance with its duties under the policy. This cooperation in no way absolves the Star from its duties under the law.

40. Star has improperly denied Cajun Conti's proof of loss submission and evidence of extensive damage to the insured premises.

41. Star has unjustifiably failed and/or refused to perform their obligations under the policy and has wrongfully or unfairly limited payment on Cajun Conti's claim.

42. Star is clearly aware of the increasing liability to Cajun Conti, for hindering its business operations and prolonging the property damage sustained at the property the longer the claim is delayed and underpaid. Nevertheless, Star continues to unreasonably withhold funds owed under the policy.

## CAUSES OF ACTION

43. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## DECLARATORY JUDGMENT
## TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

44. Cajun Conti is seeking a Declaratory Judgment confirming that Star has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

45. Cajun Conti is seeking Declaratory Judgment confirming that Star's 30-day and 60-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission.

## BREACH OF CONTRACT

46. Under a contract of insurance between Cajun Conti and Star, Cajun Conti suffered damages and losses on August 29, 2021, that constituted covered perils under Cajun Conti's policy of insurance with Star.

47. Under the contract of insurance, as the damages were covered perils, Star was obligated by contract to make payments for all covered damages and losses suffered by Cajun Conti.

48. Star breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to Cajun Conti.

47. This breach of the insurance contract was and is the direct and proximate cause of damage to Cajun Conti for the repair of Cajun Conti's insured property with like kind and quality material as existed at the time the hurricane occurred.

48. By virtue of the breach of contract, Star is liable to and owes Cajun Conti for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Cajun Conti may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

49. Star received satisfactory proof of the loss indicating the insurance benefits due to Cajun Conti but failed to timely investigate and settle the loss. Failure to make such payment within 30 days was arbitrary, capricious, and without probable cause, subjecting Star to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

50. In addition, Defendant owes Cajun Conti an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within 30 days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Star to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

51. As a result of the actions of the Star, Cajun Conti has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

   a. Repair and remediation expenses;

   b. Structural damages;

   c. Loss of personal property;

   d. Inability to make appropriate repairs due to inadequate insurance payments;

   e. Any and all other applicable damages arising under any of the policy's sub-coverage limits;

   f. Diminution in value of property;

   g. Actual damages related to the increased cost of repairs;

   h. Attorney's fees recoverable for the bad faith refusal to pay Cajun Conti's claim with the maximum penalties allowed under La. R.S. 22:1973 and 22:1892; and

   i. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY DEMAND

52. Cajun Conti affirmatively asserts that the damages sought herein exceed the minimum limits for a trial by jury.

9

53.     Cajun Conti requests a trial by jury on all issues so triable by a jury in this matter and reserves the right to supplement and amend this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff herein, Cajun Conti, LLC, prays that this complaint be filed into the record, that Defendant, Starr Surplus Lines Insurance Company, be cited to appear and answer same, and for jury trial, and after due proceedings are had, there be judgment rendered in favor of Plaintiff, Cajun Conti, LLC and against Defendant, Starr Surplus Lines Insurance Company, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available.

Further, Plaintiff, Cajun Conti, LLC., prays that there be a judgment rendered in favor of Plaintiff and against Defendant, Starr Surplus Lines Insurance Company, declaring that in their transaction of insurance, Starr Surplus Lines Insurance Company, has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission and breached said obligation.

**Respectfully submitted,**

**DAVILLIER LAW GROUP, LLC**

/s/Jonathan D. Lewis_____
Daniel E. Davillier, La. No. 23022
Charles F. Zimmer II, La. No. 26759
Jonathan D. Lewis, La. No. 37207
935 Gravier Street; Suite 1702
New Orleans, Louisiana  70112
(504) 582-6998 Office
(504) 582-6985 Facsimile
ddavillier@davillierlawgroup.com
czimmer@davillierlawgroup.com
jlewis@davillierlawgroup.com

10

**Please serve:**

**STARR SURPLUS LINES INSURANCE COMPANY**

Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA  70809

Per Policy, c/o :	Legal Department
	STARR SURPLUS LINES INSURANCE COMPANY
	399 Park Avenue
	New York, New York 10022