**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CAJUN CONTI, LLC** | * | **CIVIL ACTION NO. 23-CV-01837** |
| *Plaintiff,* | * | |
| | * | **JUDGE WENDY B. VITTER** |
| *vs.* | * | |
| | * | **MAGISTRATE JUDGE KAREN** |
| **STARR SURPLUS LINES INSURANCE** | * | **WELLS ROBY** |
| **COMPANY** | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES OF
## STARR SURPLUS LINES INSURANCE COMPANY

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Starr Surplus Lines Insurance Company ("Starr"), and hereby files this Answer and Affirmative Defenses in response to the Complaint for Declaratory Judgment and Damages ("Complaint") filed by Plaintiff, Cajun Conti, LLC ("Plaintiff"), and respectfully avers as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Starr upon which relief can be granted.

### SECOND DEFENSE

In the alternative, and subject to the allegations of the Complaint, Starr denies each and every allegation of the Complaint, except as may be admitted or modified hereafter. Further responding to the allegations, Starr avers as follows:

### ANSWER TO THE COMPLAINT

To the extent that a response to the unnumbered introductory paragraph of the Complaint is deemed necessary, Starr denies any allegations therein for lack of information sufficient to justify a belief therein.

## PARTIES

1.

Starr admits that, upon information and belief, that Plaintiff is a limited liability company incorporated in the State of Louisiana. Except as specifically admitted, the remaining allegations of Paragraph 1 of the Complaint are denied based on lack of information sufficient to justify a belief therein.

2.

Starr admits that it is a foreign surplus-lines insurance company authorized to transact business in the State of Louisiana. In further responding to Paragraph 2 of the Complaint, Starr states that it is organized under the laws of Texas, with its domicile in Texas and its headquarters in New York.

## JURISDICTION AND VENUE

3.

The allegations of Paragraph 3 of the Complaint state legal conclusions, to which a response is not required. To the extent a response to the allegations in Paragraph 3 is deemed necessary, the allegations of Paragraph 3 of the Complaint are denied.

4.

The allegations of Paragraph 4 of the Complaint concern the issue of subject matter jurisdiction for which a response is not required. To the extent a response is deemed necessary, Starr avers that this Court has subject matter jurisdiction over this lawsuit.

5.

The allegations of Paragraph 5 of the Complaint state legal conclusions, to which a response is not required. To the extent a response is deemed necessary, it is admitted that Plaintiff is asserting a demand that exceeds the sum or value of $75,000, exclusive of interests and costs.

6.

The allegations of Paragraph 6 of the Complaint concern the issue of venue for which a response is not required. To the extent that a response is deemed necessary, the allegations are denied. Even if venue may be proper under 28 U.S.C. § 1391, this action must be transferred under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York, the parties' contractually selected forum. The Policy at issue contains a mandatory Choice of Law and Choice of Venue Provision which requires that Plaintiff's suit must be brought "solely and exclusively in a New York state court or a federal district court sitting within the State of New York." Policy No. SLSTPTY11497221, Form PR 002 (02/19) at p. 9 of 16.

7.

The allegations of Paragraph 7 of the Complaint, which concern the issue of personal jurisdiction, are denied as written. Pursuant to the Choice of Law and Choice of Venue Provision in the Policy, Plaintiff's suit must be brought "solely and exclusively in a New York state court or a federal district court sitting within the State of New York." Policy No. SLSTPTY11497221, Form PR 002 (02/19) at p. 9 of 16.

8.

The allegations of Paragraph 8 of the Complaint concern the issue of subject matter jurisdiction for which a response is not required. To the extent a response is deemed necessary, Starr admits that an actual case or controversy exists. Except as specifically admitted, the

allegations of Paragraph 8 of the Complaint are denied. Starr further asserts that the forum-selection clause of the Policy requires Plaintiff to bring this action in New York.

## FACTUAL BACKGROUND

9.

The allegations of Paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that Defendant issued Policy No. SLSTPTY11497221 ("Policy") to Plaintiff as its Named Insured for the Property, which provides coverage for the properties located at 739 Conti Street, New Orleans, Louisiana and 1400 East Judge Perez Dr., Chalmette, Louisiana ("Insured Properties") for the policy period of June 30, 2021 to June 30, 2022. The Policy is subject to all terms, conditions, provisions, limitations, exclusions, and endorsements of the Policy. The Policy is a written instrument and is the best evidence of its contents. The Policy, including any and all endorsements, is re-stated in full and incorporated herein as if copied *in extenso*.

10.

The allegations of Paragraph 10 of the Complaint are denied for lack of information sufficient to justify a belief therein.

11.

The allegations of Paragraph 11 of the Complaint are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of Paragraph 12 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that Defendant issued the Policy to Plaintiff as its Named Insured for the Property, subject to all terms, conditions, provisions, limitations,

exclusions, and endorsements of the Policy. The Policy is a written instrument and is the best evidence of its contents. The Policy, including any and all endorsements, is re-stated in full and incorporated herein as if copied *in extenso*.

13.

The allegations of Paragraph 13 of the Complaint are denied for lack of information sufficient to justify a belief therein, except to admit that Defendant issued the Policy to Plaintiff as its Named Insured for the Property, subject to all terms, conditions, provisions, limitations, exclusions, and endorsements of the Policy. The Policy is a written instrument and is the best evidence of its contents. The Policy, including any and all endorsements, is re-stated in full and incorporated herein as if copied *in extenso*.

14.

The allegations of Paragraph 14 of the Complaint are denied for lack of information sufficient to justify a belief therein.

15.

The allegations of Paragraph 15 of the Complaint are denied for lack of information sufficient to justify a belief therein.

16.

The allegations set forth in Paragraph 16 of the Complaint are admitted only to the extent that Hurricane Ida made landfall in Louisiana on or about August 29, 2021. The remaining allegations of Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 of the Complaint are admitted only to the extent that Hurricane Ida made landfall in Louisiana on or about August 29, 2021. The remaining allegations of Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

Paragraph 20 of the Complaint is blank, therefore no response is required.

21.

The allegations of Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

21.

There are two Paragraph 21's in the Complaint. In response to the second Paragraph 21 of the Complaint, Starr avers that Sedgwick was assigned as the independent adjuster to inspect the Property. Except as specifically admitted, the allegations of Paragraph 21 of the Complaint are denied.

22.

Starr admits that Sedgwick's Claim No. CHI21612440 relates to Plaintiff's Hurricane Ida claim for the properties made subject of this lawsuit. Starr denies the remaining allegations of Paragraph 22 of the Complaint as written.

22.

There are two Paragraph 22's in the Complaint. Starr denies the allegations of the second Paragraph 22 of the Complaint for lack of sufficient information to justify a belief therein, except to admit that Defendant issued the Policy to Plaintiff as its Named Insured for the Property, subject to all terms, conditions, provisions, limitations, exclusions, and endorsements of the Policy. The Policy is a written instrument and is the best evidence of its contents. The Policy, including any and all endorsements, is re-stated in full and incorporated herein as if copied *in extenso*.

23.

The allegations of Paragraph 23 of the Complaint seek to recite Louisiana law and/or state legal conclusions, to which no response is required. To the extent a response is required, the allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 of the Complaint state legal conclusions, and/or seek to recite Louisiana law, to which no response is required. To the extent a response is required, the allegations of Paragraph 25 are denied.

26.

The allegations of Paragraph 26 of the Complaint seek to recite Louisiana law and/or state legal conclusions, to which no response is required. To the extent a response is required, the allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 of the Complaint seek to recite Louisiana law and/or state legal conclusions, to which no response is required. To the extent a response is required, the allegations of Paragraph 27 are denied.

28.

The allegations of Paragraph 28 of the Complaint seek to recite Louisiana law and/or state legal conclusions, to which no response is required. To the extent a response is required, the allegations of Paragraph 28 are denied.

29.

The allegations of Paragraph 29 of the Complaint seek to recite Louisiana law and/or state legal conclusions, to which no response is required. To the extent a response is required, the allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 of the Complaint seek to restate Louisiana case law, to which no response is required. To the extent a response is required, the allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 of the Complaint seek to restate Louisiana case law, to which no response is required. To the extent a response is required, the allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 of the Complaint are denied as written.

33.

The allegations of Paragraph 33 of the Complaint are denied.

34.

The allegations of Paragraph 34 of the Complaint are denied as written.

35.

The allegations of Paragraph 35 of the Complaint are denied.

36.

The allegations of Paragraph 36 of the Complaint are denied.

37.

The allegations of Paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 of the Complaint are denied.

39.

The allegations of Paragraph 39 of the Complaint are denied.

40.

The allegations of Paragraph 40 of the Complaint are denied.

41.

The allegations of Paragraph 41 of the Complaint are denied.

42.

The allegations of Paragraph 42 of the Complaint are denied.

## CAUSES OF ACTION

43.

Paragraph 43 of the Complaint re-alleges and re-avers the allegations set forth in Paragraphs 1 through 42 of the Complaint. Starr re-avers and reiterates its prior responses to Paragraphs 1 through 42 of the Complaint, including the duplicate paragraphs numbered 21 and 22, as if set forth herein *in extenso*.

## DECLARATORY JUDGMENT
## TIMELINE OF VIOLATION OF LA. STAT. ANN. § 22:1892 AND §22:1973

44.

The allegations of Paragraph 44 of the Complaint are denied as written.

45.

The allegations of Paragraph 45 of the Complaint are denied as written.

## BREACH OF CONTRACT

46.

The allegations of Paragraph 46 of the Complaint are denied as written, except to admit that Defendant issued the Policy to Plaintiff as its Named Insured for the Property, subject to all terms, conditions, provisions, limitations, exclusions, and endorsements of the Policy. The Policy is a written instrument and is the best evidence of its contents. The Policy, including any and all endorsements, is re-stated in full and incorporated herein as if copied *in extenso*.
.

47.

The allegations of Paragraph 47 of the Complaint are denied, as written.

48.

The allegations of Paragraph 48 of the Complaint are denied.

47.

There are two Paragraph 47's in the Complaint. The allegations of the second Paragraph 47 are denied.

48.

There are two Paragraph 48's in the Complaint. The allegations of the second Paragraph 48 of the Complaint are denied.

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

49.

The allegations of Paragraph 49 of the Complaint are denied.

50.

The allegations of Paragraph 50 of the Complaint are denied.

**DAMAGES**

51.

The allegations of Paragraph 51 of the Complaint including subparts a. through i. are denied.

**JURY DEMAND**

52.

The allegations of Paragraph 52 of the Complaint require no response from Starr.

53.

The allegations of Paragraph 53 of the Complaint require no response from Starr.

## PRAYER FOR RELIEF

54.

Starr denies that Plaintiff is entitled to the relief sought in the unnumbered conclusory paragraph of the Complaint beginning with "**WHEREFORE**." Starr denies any allegations in the Complaint that it has not expressly admitted.

55.

Starr requests a trial by jury.

## THIRD DEFENSE

This action has been improperly initiated in the courts of the State of Louisiana. The Policy clearly requires that this action by Plaintiff against Starr must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York. As such, this action must be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a) and the mandatory forum-selection clause of the Policy.

## FOURTH DEFENSE

The Policy contains a New York Choice-of-Law provision, and New York law applies to any action brought by Plaintiff against Starr under the Policy.

## FIFTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, by the terms, conditions, provisions, limitations, exclusions and/or endorsements of Commercial Property Policy No. SLSTPTY11497221 ("Policy") to Cajun Conti, LLC as the Named Insured for the policy period of June 30, 2021 to June 30, 2022. Starr expressly and affirmatively pleads all terms,

conditions, provisions, limitations, exclusions and endorsements of the Policy, including all policy limits, sub-limits, aggregates, deductibles, occurrence provisions, and forum-selection and choice-of-law provisions as if fully set forth herein *in extenso*. Starr denies any allegations by Plaintiff that seeks to enlarge, vary, modify or contradict the terms, conditions, provisions, limits, limitations, exclusions and endorsements of the Policy.

## SIXTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, to the extent that Plaintiff's claims do not involve "direct physical loss or damage to covered property while at INSURED LOCATIONS" under the Policy pursuant to Property Coverage Form General Conditions, 1. COVERAGE; PERILS INSURED AGAINST.

## SEVENTH DEFENSE

Plaintiff's claims against Starr are subject to all of the terms and conditions found in the Policy's PROPERTY COVERAGE FORM – BUSINESS INTERRUPTION SECTION.

## EIGHTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, to the extent that Plaintiff's claims involve "Property Excluded" under the Policy pursuant to Property Coverage Form General Conditions, 5. PROPERTY EXCLUDED."

## NINTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, to the extent that Plaintiff's claims were caused by an excluded peril under the Policy pursuant to Property Coverage Form General Conditions, 6. PERILS EXCLUDED.

**TENTH DEFENSE**

Plaintiff's claims against Starr are barred or limited, in whole or in part, to the extent that Plaintiff's claims for loss or damage were caused by or resulting from FLOOD, as defined by the Policy, regardless of any cause or event contributing concurrently or in any other sequence to the loss as set forth in 6. PERILS EXCLUDED, Paragraph s.

**ELEVENTH DEFENSE**

Plaintiff's claims against Starr are barred or limited, in whole or in part, to the extent that Plaintiff's claims are excluded by "Additional Exclusions" set forth in the Policy pursuant to Property Coverage Form General Conditions, 7. ADDITIONAL EXCLUSIONS, including but not limited to Paragraphs e. 4-6.

**TWELFTH DEFENSE**

Coverage is precluded, in whole or in part, to the extent Plaintiff's claimed damages are covered by other insurance as provided by the Policy, Commercial Property Conditions, G. OTHER INSURANCE, which provisions are pled as if copied herein *in extenso*.

**THIRTEENTH DEFENSE**

Plaintiff's claims against Starr are barred or limited, in whole or in part, based on the terms of the Policy's Property Coverage Form General Conditions, 8. DEBRIS REMOVAL CLAUSE.

**FOURTEENTH DEFENSE**

Plaintiff's claims against Starr are barred or limited, in whole or in part, based on the terms of the Policy's Property Coverage Form General Conditions 9. PROTECTION AND PRESERVATION OF PROPERTY.

### FIFTEENTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, based on the terms set forth in the Policy's Property Coverage Form General Conditions, 10. VALUATION.

### SIXTEENTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, based on the application of the requirements and conditions set forth in the Policy's Property Coverage Form General Conditions, 12. CONDITIONS, including, but not limited to, m. Requirements in Case Loss Occurs.

### SEVENTEENTH DEFENSE

Plaintiff's claims against Starr are subject to the terms set forth in the Policy's Property Coverage Form General Conditions, 3. DEDUCTIBLES.

### EIGHTEENTH DEFENSE

Plaintiff's claims against Starr are expressly subject to the terms of the Occurrence Limit of Liability Endorsement, Endorsement No. 20.

### NINETEENTH DEFENSE

Plaintiff's claims against Starr may be barred or limited, in whole or in part, by the terms of the Replacement Cost Endorsement, Endorsement No.24.

### TWENTIETH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, by the terms of the Roof Limitation Endorsement, Endorsement No. 25.

### TWENTY-FIRST DEFENSE

Plaintiff's claims against Starr are expressly subject to the terms of the Schedule of Locations Endorsement, Endorsement No. 26.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against Starr may be barred or limited, in whole or in part, by the terms of the Pre-Existing Damages Exclusion Endorsement, Endorsement No. 40.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against Starr are barred, in whole or in part, to the extent that Plaintiff's claim has been timely paid in full based on the information submitted to Starr by Plaintiff or on Plaintiff's behalf.

## TWENTY-FOURTH DEFENSE

Subject to the Choice-of-Law and Choice-of-Venue provision of the Policy and to the extent that Louisiana law may be deemed to apply, Plaintiff's claims against Starr are barred or limited, in whole or in part, because Starr acted in good faith at all times and in accordance with the claim-adjustment and payment duties and obligations under La. R.S. 22:1892 and La. R.S. 22:1973.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, to the extent Plaintiff failed to mitigate, minimize or avoid any alleged costs, loss or damages.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims against Starr are barred or limited, in whole or in part, to the extent Plaintiff failed to present satisfactory proof of loss.

## TWENTY-SEVENTH DEFENSE

This action and/or any relief sought against Starr is or may be barred or limited, in whole or in part, on the basis of the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims against Starr are barred, in whole or in part, to the extent that any Insured under the Policy knew or reasonably should have known that the alleged loss(es) or damage(s) claimed by Plaintiff in this matter had occurred, in whole or in part, prior to the inception of the applicable Policy.

**TWENTY-NINTH DEFENSE**

Starr affirmatively asserts, alleges and shows that it is entitled to a credit and/or set-off, under all applicable laws, against any payments, benefits, recoveries and/or judgments which have and/or may be obtained by Plaintiff for all losses and/or other alleged damage claimed by Plaintiff, which have been satisfied, and/or payments or benefits which have and/or may be made to or on behalf of Plaintiff by any other person, entity and/or insurer, arising out of the loss and alleged damages at issue, and any other payment, benefit, recovery, and/or judgment which has and/or may be tendered to or on behalf of Plaintiff by any other person, entity, and/or insurer.

**THIRTIETH DEFENSE**

In the event this Court determines that Plaintiff is entitled to recover any damages against Starr as a result of the claims asserted, which is expressly denied, Starr pleads the doctrine of contributory and/or comparative fault of Plaintiff and/or any third-parties for whom Starr is not responsible as barring all or part of the recovery Plaintiff seeks.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the full limit of liability for any claim has been tendered and paid.

## **THIRTY-SECOND DEFENSE**

Plaintiff's Complaint does not describe the facts with sufficient particularity to enable Starr to determine all defenses that may ultimately pertain to the claims asserted. Starr hereby gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

**WHEREFORE**, Defendant, Starr Surplus Lines Insurance Company, prays that its Answer and Defenses be deemed good and sufficient and that after all due and legal proceedings are had herein, there be judgment in favor of Defendant Starr Surplus Lines Insurance Company, dismissing, with prejudice, Plaintiff's Complaint. Starr Surplus Lines Insurance Company further prays for all costs of these proceedings, including reasonable attorneys' fees, and for all general and equitable relief to which they may be entitled and for trial by jury.

Respectfully submitted,

*/s/ Leah N. Engelhardt*
Leah N. Engelhardt (#23232)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6054
Email: engelhardt@chaffe.com

***Attorneys for Starr Surplus Lines Insurance Company***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading has this date been served on all counsel of record in these proceedings by:

    (    )    Hand Delivery    (    )    Prepaid U.S. Mail

    (    )    Facsimile    (    )    Federal Express

    ( X )    CM/ECF

New Orleans, Louisiana this 28th day of June, 2023.

        */s/ Leah N. Engelhardt*
        LEAH N. ENGELHARDT