UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAJUN CONTI, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>STARR SURPLUS LINES INSURANCE COMPANY,<br>      Defendant. | CIVIL ACTION NO.:  1:23-cv-08844<br><br>**SECOND AMENDED AND SUPERSEDING COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** |

  **NOW COMES** Cajun Conti, LLC through undersigned counsel, who, pursuant to Federal Rules of Civil Procedure, Rule 15(a)(1)(B), and pursuant to this Court's Order dated April 9, 2024, files this Second Amended and Superseding Complaint for Declaratory Judgment and Damages, and respectfully representing that:

**PARTIES**

  1.  Made Plaintiff herein is Cajun Conti, LLC, (hereinafter "Plaintiff" or "Cajun"), a Louisiana limited liability company organized under the laws of Louisiana and domiciled in the Parish of Orleans, State of Louisiana at 739 Conti Street, New Orleans, Louisiana 70130. Its sole member, Wassek Badr, is a natural person of full age and majority and domiciled in New Orleans, Louisiana. Accordingly, Cajun Conti LLC is a Louisiana citizen and within the jurisdiction of the Eastern District of Louisiana.

  2.  Made Defendant herein is Starr Surplus Lines Insurance Company (hereinafter "Defendant" or "Starr"), based upon information and belief, is a foreign corporation incorporated under the laws of the State of Texas with its domicile in Texas and its headquarters in New York,

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **1** of **14**

who is authorized to transact business in the State of Louisiana through its designated agents and representatives located in districts throughout the United States.

## JURISDICTION AND VENUE

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.*, and Federal Rule of Civil Procedure 57.

4. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §2201, as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). The amount in controversy in a declaratory judgment action is determined by the object of the litigation; here, the object of the action will determine whether the Plaintiff's losses are covered under Defendant's policy of insurance.

6. This Court has personal jurisdiction over Defendant because Defendant, while authorized to do and doing business in Louisiana and other states, has its principal place of business in New York.

7. The United States District Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in the U.S.D.C.

8. Notwithstanding the Court's Order (R. Doc. 39) granting Starr's Motion to Transfer (R. Doc. 18), Plaintiff maintains that this matter is still subject to the application of Louisiana law.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **2** of **14**

## FACTUAL BACKGROUND

9. Cajun Conti contracted with Starr to insure two properties, the first located at 739 Conti Street, New Orleans, Louisiana and the second at 1400 East Judge Perez Dr., Chalmette, Louisiana 70043 (hereinafter "Insured Premises").

10. The property at 739 Conti Street, New Orleans, Louisiana is the location of the Oceana Grill restaurant.

11. The property at 1400 East Judge Perez Dr., Chalmette, Louisiana is the location of a warehouse facility.

12. The Insured Premises were covered under a policy of insurance issued by the Starr with policy number SLSTPTY11497221 (hereinafter "Policy"). The Policy was in full effect during the period of June 30, 2021 through June 30, 2022.

13. Starr assessed the risk of insuring the Cajun Conti and provided Replacement Cost Value coverage following their evaluation of the property.

14. Cajun Conti paid all premiums associated with the policy when due in a timely manner and without delay in order to maintain the insurance coverage over the property for the effective period of June 30, 2021 – June 30, 2022.

15. Cajun Conti entered into the contract of insurance with the reasonable expectation that in return for the payment of premium, Starr would abide by the terms of their policy and pay for any covered losses that may occur.

16. On August 29, 2021, while the policy was in full force and effect, the Insured Premises sustained significant damages resulting from Hurricane Ida, a major category four hurricane.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **3** of **14**

17. Devastating winds, wind-driven rain, and a storm surge that lasted for several hours as the hurricane slowly passed over southeast Louisiana.

18. Hurricane Ida resulted in extensive damage to New Orleans and Southeast Louisiana, including the shredding of the power grid and thousands of structures.

19. As a result of Hurricane Ida, the Insured Premises suffered extensive damage, particularly to its structure and contents, and caused Cajun to suffer a loss of business income and/or extra expenses due to the covered damages sustained as a result of Hurricane Ida.

20. The interruption of Cajun's business operations has resulted in significant loss of business income with added expenses.

21. In compliance with the policy, Cajun Conti began mitigating the loss as soon as possible.

22. Soon after the incident, Cajun Conti also properly and timely made a claim for insurance proceeds under the Policy with Starr. In connection with said claim, Starr assigned Sedgwick Claims Management Services, Inc. ("Sedgwick") to adjust and otherwise review the claim as Starr's representative throughout the claims process.

23. Starr assigned the incident claim number CHI21612440, through Starr's representative, Sedgwick.

24. Cajun is entitled to recovery of all benefits due under the Policy resulting from Hurricane Ida to the Insured Premises, including, but not limited to, the structural loss, recoverable depreciation, personal property, and business interruption.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **4** of **14**

25. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3).

26. Starr was given full access to inspect the insured premises immediately after the storm. Starr has had ample opportunity to view the extensive damage to the property.

27. Louisiana law provides claims handling timelines which are strictly construed.

28. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

29. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

30. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **5** of **14**

without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

31. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

32. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

33. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

34. In compliance with their duties, Cajun has cooperated with Star and its consultants, making the property fully and reasonably available for the viewing of the physical loss evidence.

35. In addition to the viewing of the physical loss evidence, Cajun has sent sufficient proof of loss to Starr.

36. Starr knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **6** of 14

37. Rather than admit and afford coverage, Starr unreasonably claimed to need additional information to complete its investigation as to the cause of loss and damages sustained.

38. Even though Cajun already had presented substantial documentation confirming the nature and extent of the damage to its property, Cajun incurred and continues to incur substantial expenses in responding to the additional unwarranted requests for information by Starr.

39. Cajun has had to retain undersigned counsel in an attempt to come to a claim conclusion with Starr.

40. In addition to the proof of loss evidenced on inspection and other information provided, a formal and sufficient proof of loss package(s) with all the evidence of the loss was provided to Starr.

41. The proof of loss submissions provided satisfactory proof of loss in so far as they contained all Cajun's investigation of the claim and sufficient information providing the extent of the loss to allow the Starr to make a determination on the loss, particularly the building coverage.

42. Starr disregarded the information provided by Cajun and continued to rely on the incorrect and flawed opinions of its adjusters and advisors as a basis to delay and or deny Cajun's claims.

43. However, Cajun retained the services of additional lost experts to properly document its damages even further.

44. Still, Starr has failed to timely and reasonably adjust the loss.

45. Despite Starr's failure to timely pay the evidenced loss, Cajun has continued to reasonably work with Starr to ensure compliance with its duties under the policy. This cooperation in no way absolves Starr from its duties under the law.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **7** of **14**

46. Starr has improperly denied Cajun's proof of loss submission and evidence of extensive damage to the insured premises.

47. Starr has unjustifiably failed and/or refused to perform their obligations under the policy and has wrongfully or unfairly limited payment on Cajun's claim.

48. Starr is clearly aware of the increasing liability to Cajun, for hindering its business operations and prolonging the property damage sustained at the property the longer the claim is delayed and underpaid. Nevertheless, Starr continues to unreasonably withhold funds owed under the policy.

49. Because Starr has failed to provide coverage, Cajun has incurred costs and additional damages in pursing its recovery and in temporarily fixing the property to prevent further damage, including amounts in excess of $215,000 to mitigate water intrusion issues as a result of the significant roof damage, and to address HVAC, flooring and electrical items damaged as a result of Hurricane Ida.

## CAUSES OF ACTION

50. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## DECLARATORY JUDGMENT
## TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

51. Cajun is seeking a Declaratory Judgment confirming that Starr has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **8** of **14**

52. Cajun is seeking Declaratory Judgment confirming that Starr's 30-day and 60-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission.

## BREACH OF CONTRACT

53. Under a contract of insurance between Cajun and Star, Cajun suffered damages and losses on August 29, 2021, that constituted covered perils under Cajun's policy of insurance with Starr.

54. Under the contract of insurance, as the damages were covered perils, Starr was obligated by contract to make payments for all covered damages and losses suffered by Cajun.

55. Cajun provided Starr with all information necessary to properly evaluate the claim and pay adequate benefits to its policyholder.

56. Starr disregarded the information provided by Cajun and continued to rely on the incorrect and flawed opinions of its adjusters and advisors as a basis to delay and or deny Cajun's claims.

57. Starr and or its agents, failed to properly adjust the claims and Starr denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by Cajun.

58. Despite Cajun's compliance with all policy provisions, Starr refuses to fairly adjust the claims for damage.

59. Starr failed to perform its contractual duty to adequately compensate Cajun under the terms of the Policy. Specifically, Starr failed and refused to pay sufficient amounts under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **9** of **14**

the exterior/interior damages and business interruption losses, and all conditions precedent to recovery under the Policy were carried out and accomplished by Cajun.

60. This breach of the insurance contract was and is the direct and proximate cause of damage to Cajun for the repair of Cajun's insured property with like kind and quality material as existed at the time the hurricane occurred.

61. By virtue of the breach of contract, Starr is liable to and owes Cajun for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Cajun may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

62. Starr received satisfactory proof of the loss indicating the insurance benefits due to Cajun but failed to timely investigate and settle the loss. Failure to make such payment within 30 days was arbitrary, capricious, and without probable cause, subjecting Starr to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

63. In addition, Starr owes Cajun an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within 30 days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Starr to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **10** of **14**

64. The law imposes on Starr an implied covenant and duty of good faith and fair dealing under the Policy it issued to Cajun.

65. Starr has breached that implied covenant of good faith and fair dealing in one or more of the following ways: (a) arbitrarily, and with reckless disregard for the rights of Cajun, refusing to acknowledge coverage and effectuate prompt, fair, and equitable settlement of Cajun's claim for coverage; (b) knew or recklessly disregarded that it was acting unreasonably in failing to honor its obligations under the policy; (c) ignoring the voluminous backup and supporting documentation provided by Cajun demonstrating the nature, extent, and cause of its damages; and (d) forcing Cajun to institute legal action to recovery payment for its damages.

66. Cajun is entitled to consequential damages flowing from Starr's breach and violation of the implied covenant of good faith and fair dealing, including, without limitation, legal fees, contractor fees and costs, expert fees and costs, mitigation costs, and the attorneys' fees, costs, and disbursements incurred by Cajun in enforcing its rights as a consequence of Starr's bad faith conduct.

67. The loss and damages incurred by Cajun was a direct and foreseeable consequence of Starr's above-described wrongful conduct in that such wrongful conduct by the insurer could cause additional monetary loss was reasonably foreseeable and contemplated by the parties at the time of contracting under the policy.

## DAMAGES

68. As a result of the actions of the Starr, Cajun has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

a. Repair and remediation expenses;

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **11** of **14**

    b.    Structural damages;

    c.    Loss of personal property;

    d.    Business loss and added expenses;

    e.    Loss of economic opportunities;

    f.    Inability to make appropriate repairs due to inadequate insurance payments;

    g.    Any and all other applicable damages arising under any of the policy's sub-coverage limits, including without limitation: demolition, debris removal, and increased cost of construction and materials;

    h.    Diminution in value of property;

    i.    Any and all other consequential damages caused by Starr's breach of contract and breach of its implied covenant of good faith and fair dealing;

    j.    Actual damages related to the increased cost of repairs;

    k.    Attorney's fees recoverable for the bad faith refusal to pay Cajun's claim with the maximum penalties allowed under La. R.S. 22:1973 and 22:1892; and

    l.    Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

## JURY DEMAND

69. Cajun affirmatively asserts that the damages sought herein exceed the minimum limits for a trial by jury.

70. Cajun requests a trial by jury on all issues so triable by a jury in this matter and reserves the right to supplement and amend this Complaint.

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **12** of **14**

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff herein, Cajun Conti, LLC, prays that this First Amended and Superseding complaint be filed into the record, that Defendant, Starr Surplus Lines Insurance Company, be cited to appear and answer same, and for jury trial, and after due proceedings are had, there be judgment rendered in favor of Plaintiff, Cajun Conti, LLC and against Defendant, Starr Surplus Lines Insurance Company, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available.

Further, Plaintiff, Cajun Conti, LLC., prays that there be a judgment rendered in favor of Plaintiff and against Defendant, Starr Surplus Lines Insurance Company, declaring that in their transaction of insurance, Starr Surplus Lines Insurance Company, has an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission and breached said obligation.

**Respectfully submitted,**

**DAVILLIER LAW GROUP, LLC**

/s/Jonathan D. Lewis_____
Charles F. Zimmer II, La. No. 26759
Jonathan D. Lewis, La. No. 37207
935 Gravier Street; Suite 1702
New Orleans, Louisiana  70112
(504) 582-6998 Office
(504) 582-6985 Facsimile
czimmer@davillierlawgroup.com
jlewis@davillierlawgroup.com

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **13** of **14**

## Certificate of Service

I certify that I have served a copy of the above and foregoing pleading via Notice of Electronic filing using this Court's CM/ECF system to counsel of record participating in the CM/ECF system on this 26th day of April 2024.

/s/ Jonathan D. Lewis
Jonathan D. Lewis

Cajun Conti, LLC, v. Starr Surplus Lines Insurance Company
United States District Court for the Southern District of New York
Second Amended and Superseding Complaint for Declaratory Judgment and Damages
Page **14** of **14**